Weygandt, C. J.
 

 Tbe single question requiring tbe court’s attention is whether tbe instant controversy is controlled by tbe principles announced by this court in tbe case of
 
 State, ex rel. Ohio National Bank of Columbus,
 
 v.
 
 Village of Hudson,
 
 134 Obio St., 150, 16 N. E. (2d), 266. The contention of the respondents is in tbe affirmative while that of the relators is to the contrary.
 

 Tbe two paragraphs of tbe syllabus in the
 
 Hudson case
 
 read as follows:
 

 “1.
 
 Tbe inhibitions of Section 2, Article XII of the Obio Constitution, with respect to tax rate limitations, are directed against new and- not against pre-existing debts.
 

 “2.
 
 Municipal funding bonds, exchanged for an original indebtedness created prior to tbe adoption of a constitutional tax limitation, are not subject to such limitation even though tbe tax levy for tbe payment of
 
 *353
 
 principal and interest of such, bonds exceeds such new limitation. ’ ’
 

 The relators seek to distinguish the cases upon the particular facts involved in each. They assert that they are taxpayers, while in the
 
 Hudson case
 
 the relator was a bondholder; that here the principle of inviolability of contract is not involved, while in the
 
 Hudson case
 
 it was; that here no question of estoppel is presented, while in the other controversy there was; that here a period of but one year is involved, while the other case covered a general course of action over several years; that here the relators are asking to have the ten-mill constitutional amendment applied as a
 
 tax
 
 limitation, while in the former case this court simply refused to construe it as a
 
 debt
 
 limitation; and that in the instant case the city of Columbus can meet its bond requirements without placing any part of the levies therefor outside the ten-mill limitation, while in the
 
 Hudson case
 
 the village had refused to make any levy for such purpose.
 

 Assuming the correctness of the foregoing factual distinctions urged by the relators, this court is nevertheless clearly of the opinion that the fundamental principles followed in the
 
 Hudson case
 
 are likewise decisive of the present controversy. Concededly the bonds here involved were issued prior to January 1, 1934, the effective date of the ten-mill amendment to Section 2, Article XII of the Constitution of Ohio. These bonds constituted a pre-existing obligation which could not be impaired by the subsequently amended limitation; and this is true, irrespective of whether such an amendment be considered as a limitation upon tax rate or upon indebtedness. This court has held it to be both.
 
 State, ex rel. City of Portsmouth,
 
 v.
 
 Kounts, Mayor,
 
 129 Ohio St., 272, 194 N. E., 869. Hence, there is both the authority and the duty to make the necessary levy. Of course there must be a compliance with the limitation in effect at the time the
 
 *354
 
 debt was incurred, but there is no implied obligation upon the taxing authorities to place the levy within the reduced limitation of a subsequent amendment. That is a matter of discretion rather than authority.
 

 To entitle the relators to a writ of mandamus they must allege facts disclosing a duty specially enjoined by law upon the respondents to place the questioned levy within the subsequent ten-mill limitation. Since such duty has not been shown, the demurrer of the respondents must be sustained and the relators’ petition dismissed at their costs.
 

 Demurrer sustained.
 

 Williams, Matthias and Hart, JJ., concur.
 

 Zimmerman, J., concurs in the judgment.
 

 Turner, J., not participating.