Hart, J.
 

 This case involves the question as to whether the respondents, including the taxing authorities of the city of Akron charged with the duty of preparing the annual budget, and the budget commission charged with the approval of such budget and the determination of the tax rate for the city of Akron in order to service debts,'pay interest and operate the city, liad the right to levy sufficient millage beyond the city-charter limitation of 7.5 mills to pay certain bonds and interest issued prior to the enactment of such charter limitation.
 

 As a first defense the respondents insist that because neither the intervening taxpayer nor any one else made a protest as to the budget, for which provision is made * by law, the relator is estopped to question the proposed tax levy. We think there is no merit in this contention. There is no provision in the Akron city charter or any statute in this state which penalizes a taxpayer by es-topping him from challenging the validity of a tax levy even though he has failed to avail himself of a protest at the budget hearing.' In the absence of such specific provision in the charter or statute we are of the opinion that there is no estoppel.
 

 Although a statutory tax-rate limitation had been in force in this state since 1911, a municipal home-rule taxation amendment was passed April 17, 1925 (111
 
 *131
 
 Ohio Laws, 422, now Section 5625-14, General Code) which became effective May 13, 1925, and- which provided that certain specified provisions of the state statute “shall not apply to any municipality, which by its charter or amendment thereto provides for a complete budget system of municipal receipts and expenditures, and further provides for a limitation on the total tax rate which may be levied without a vote of the people for all purposes or for current operating expenses by the legislative authority of such municipality in each year on the tax list of real and personal property therein. Said charter or charter amendment may also provide for the levying of taxes by said legislative authority outside of said charter limitation upon approval by the majority of the electors of said municipality voting.thereon at a November election.”
 

 Pursuant to the authority granted by this statutory home-rule taxing amendment, the city of Akron at the November election held November 6, 1928, amended its charter effective immediately by adding thereto Sections 86a, 865 and 86c above quoted in the statement of facts, providing for a tax limitation of 7.5 mills on each dollar of tax valuation of such city, except by vote of. the electors. ■ -
 

 It is the claim of the respondents that because' the bonds in question were issued prior to the adoption of such charter tax limitation it can have no operation to affect such bonds, and that the city is obliged to provide a rate outside the charter limitation, sufficient to service and pay them.
 

 However, an examination of the state legislation, both constitutional and statutory, shows that the bonds in question were at the time of their issue subject to tax limitations which were more stringent than the limitation provided by the charter of the city of Akron. In other words, the charter limitation of 7.5 mills did not place the bonds in a less favorable position 'than they were under the state limitation when issued.
 
 *132
 
 As a result of this situation there has been no impairment of the contractual or constitutional rights of the holders of these bonds, even though there had been a reduction in the value of the taxable real property.
 

 The respondents claim that their position is supported by the rule laid down by this court in the case of
 
 State, ex rel. Ohio Natl. Bank of Columbus,
 
 v.
 
 Village of Hudson,
 
 134 Ohio St., 150, 16 N. E. (2d), 266, to the effect that the inhibitions of Section 2, Article XII of the Ohio Constitution, with respect to tax limitations, are directed against llew and not pre-existing debts. The respondents refer, also, to
 
 State, ex rel. Markel,
 
 v.
 
 City of Columbus,
 
 139 Ohio St., 351, 40 N. E. (2d), 144, but in that case it was sought to require the city of Columbus to revise its budget for the year 1942 so as to keep within the ten-mill limitation established by amendment of Section 2, Article XII of the Constitution, effective January 1, 1934, a tax levy to provide for the payment of current instalments of interest and principal payable on outstanding bonds, issued subsequent to the year 1922, but prior to 1934, without a vote of the electors of the city. The relief sought was denied for the reason that.the bonds had been issued when the limitation had been fifteen mills with the result that the rights of the bondholders would have been impaired by this reduction in limitation during the life of the bonds. The court, following the case of
 
 State, ex rel. Ohio National Bank of Columbus,
 
 v.
 
 Village of Hudson, supra,
 
 held that the bonds “constituted a pre-existing obligation which could not be impaired by the subsequently amended limitation” reducing the limitation from 15 mills to 10 mills.' The principle announced in these cases is that a pre-existing debt is impaired by a reduced or lowered limitation on the tax rate by amendment after the debt is created. But there can be no such impairment by the adoption of legislation which increases the rate ór amount of tax which may be levied for the payment of
 
 *133
 
 such debt. This is the effect of the Akron charter tax limitation.
 

 Since the bonds in question, in the amount of $875, 619, including interest, were issued before November 6, 1928, the effective date of the charter limitation, without a vote of the electors to authorize a levy to service and pay them outside the limitation, and since such bonds are not a pre-existing debt being made subject to a lower limitation than that in force when they were issued, there is no authority in the city council to levy a tax outside the charter limitation to pay them.
 

 It is further claimed that because of the recitals in the bonds, certain contract rights have accrued to the bondholders which required the action taken by the respondents. It is not cláimed, however, that the charter limitation reduces the tax revenues to a point where the bonds cannot be serviced. The bonds may have a preference in the distribution of- tax revenues, and the operating revenues of the city may be curtailed, but this does not give authority to levy taxes in excess of the charter limitation.
 

 It is also claimed by the respondents that pursuant to the authority of the schedule attached to Section 2, Article XII of the Constitution, as amended and effective January 1, 1931, which provided in general for an overall tax limitation of 15 mills for state and local purposes, the Akron city council may levy, without the approval of the electors, an equalization rate in addition to the charter limitation rate of 7.5 mills.
 

 In view of this contention, we are led to inquire as to what application the provisions of this schedule have to the bonds in question. There were issued after November 6, 1928, the date of the charter amendment providing a tax limitation of 7.5 mills and before January 1, 1931, the date limited in the schedule, bonds in the amount of $76,994, principal and interest. As hereinbefore stated, in 1931 there was $95,407,760 of taxable personal property on the tax duplicate of the
 
 *134
 
 city of Akron, which under the intangible tax law, was removed therefrom, and in its place there was substituted intangible property amounting in 1932 to $46,619, 456-, thus reducing the city tax base by $48,788,304, a ‘ ‘ reduction in the amount of taxable property available for such levies * * *
 
 effected by latos thereafter passed.”
 
 (Italics ours.)
 

 The Court of Appeals held that the schedule to the amendment of Section 2, Article XII, which provided that ‘ ‘ * * * levies for interest and sinking fund or retirement of bonds issued or authorized prior to said date [January 1,1931], shall be outside of said limitation to the extent required to equalize any reduction in the amount of taxable property available for such levies * * * effected by laws thereafter passed,” was attached thereto to compensate for inequities which might arise under the application of the 15-mill constitutional limitation, and that the schedule has application only to bonds issued within the statutory limitation applicable at the time of their issuance. This court concurs in this view, and concludes that since the constitutional limitation- can be, under the provisions of the schedule, made inapplicable when it is necessary to make an equalization because of a reduction in the amount of taxable property available for tax levy, the charter limitation may also become inapplicable under like circumstances.
 

 The city council is attempting to levy $961,558 in taxes outside the city charter limitation, but this court is of the opinion that council may so levy such taxes in the amount only of $76,994 to compensate for the loss of the right to levy taxes on personal property of the value of $48,788,304.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Matthias, Zimmerman, Bell and Turner, JJ., concur.
 

 Williams, J., dissents.